# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jacqueline Pfendler, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>PNC Bank, National Association,<br><br>          Defendant. | Civil Action No. 2:18-cv-00361-AJS |

## PNC BANK, NATIONAL ASSOCIATION'S MEMORANDUM IN SUPPORT OF <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Jarrod D. Shaw (PA 93459)
Nellie E. Hestin (PA311788)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone:  412-667-6000
Facsimile:  412-667-6050

*Attorneys for Defendant*
*PNC Bank, National Association*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..........................................................................................................................1

II. FACTUAL BACKGROUND........................................................................................................2

III. LEGAL STANDARD..................................................................................................................3

IV. ARGUMENT...............................................................................................................................4

    A.    The Entire Complaint Must Be Dismissed Because Plaintiff Has Not Pled That She Satisfied the Deed of Trust's Notice and Cure Requirement. ................. 4

    B.    The Complaint Fails to State a Claim upon which Relief Can Be Granted............ 8

        1.    Plaintiff's Breach of Contract Claim Fails Because the Deed of Trust Expressly Permitted PNC's Conduct. ............................................... 9

        2.    Plaintiff's Pennsylvania UTPCPL Claim Fails Because It Is Barred by the Deed of Trust's Choice of Law Provision and the Economic Loss Doctrine, and It Is Inadequately Pled................................................. 11

        3.    Plaintiff's North Carolina UDTPA Claim Fails Because Plaintiff's Allegations Do Not Meet the UDTPA Standard............................................. 13

        4.    Plaintiff's Unjust Enrichment Claim Fails Because the Parties' Relationship Is Governed by the Deed of Trust............................................. 14

V. CONCLUSION...........................................................................................................................15

## I. INTRODUCTION

This is a straightforward contract dispute arising from Jacqueline Pfendler's ("Plaintiff") mortgage with PNC Bank, National Association ("PNC"). Plaintiff alleges that PNC improperly charged her for two property inspections totaling $30 in fees after she became delinquent on her mortgage payments, and brings claims for breach of contract, violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. §§ 201-1, *et seq.* ("UTPCPL"), violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. §§ 75-1.1, *et seq.* ("UDTPA"), and unjust enrichment. Plaintiff also seeks to represent two putative classes of similarly-situated borrowers (one nationwide, the other limited to North Carolina residents).

Plaintiff cannot state any claim against PNC for a simple reason: She failed to comply with the explicit notice and cure requirement in her mortgage contract with PNC. All of Plaintiff's claims arise from the mortgage, and Plaintiff has not pled that she notified PNC of her allegations or gave PNC an opportunity to address her concerns before filing this lawsuit. A number of courts, faced with the same allegations regarding property inspection fees and identical mortgage provisions, have rejected plaintiffs' attempts to ignore or circumvent the binding notice and cure provision. This Court should do the same and dismiss the Complaint in its entirety.

Plaintiff's Complaint also warrants dismissal for the additional reason that each count fails to state a claim upon which relief can be granted. This is because Plaintiff is alleging that PNC somehow breached her mortgage, or engaged in unfair and deceptive behavior, by engaging in conduct that expressly was permitted on the face of the mortgage. This deficiency, and a number of others outlined below, require the Court to dismiss the Complaint in full.

1

## II.  FACTUAL BACKGROUND

Plaintiff alleges that in December 2011, Plaintiff and her husband[1] (together, the "Borrowers") received a $560,000 loan from RBC Bank (USA) ("RBC") to purchase property in Littleton, North Carolina ("the Property"). Compl. ¶¶ 31, 32. In connection with the loan, the Borrowers executed a Deed of Trust in favor of RBC, secured by the Property. *Id.* ¶ 31; Deed of Trust, attached here to as Exhibit A.[2] Plaintiff asserts that the Borrowers' Deed of Trust is a form instrument issued by the Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac") for mortgages on single family homes in North Carolina. Compl. ¶ 35. According to Plaintiff, PNC acquired RBC and all of its assets, including the Deed of Trust, in 2012. *Id.* ¶¶ 32, 33. Plaintiff alleges that PNC has serviced the Borrowers' loan since 2012. *Id.* ¶ 34.

Plaintiff acknowledges that the Borrowers failed to make mortgage payments in July and August 2017. *Id.* ¶ 41. In turn, the Deed of Trust provides that in the event the Borrowers "fail to perform the covenants and agreements contained" in the Deed of Trust, then PNC as the holder "may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Agreement, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property." *Id.* ¶ 38; Ex. A, Deed of Trust ¶ 9. The Deed of Trust also provides that PNC may "charge Borrower fees for services performed in

---

[1] Plaintiff's husband, Dale Pfendler, is not a named plaintiff in this matter but is a co-borrower on the loan.

[2] Plaintiff relies extensively on the Deed of Trust in the Complaint, *see* Compl. ¶¶ 31, 35, 36, 38, 39, 44, and alleged breaches of the Deed of Trust are the basis of each of Plaintiff's claims, *see id.* ¶¶ 71, 72, 83, 89, 103, 105, 115. Because the Deed of Trust is "integral to [and] explicitly relied upon in the complaint," the Court should consider it in ruling on the motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Wulf v. Bank of Am., N.A.*, 798 F. Supp. 2d 586 (E.D. Pa. 2011) (considering a deed of trust where the complaint "relied upon [its] language" and granting motion to dismiss).

connection with Borrower's default . . . including, but not limited to, attorneys' fees, property inspection and valuation fees." Ex. A., Deed of Trust ¶ 14.

Plaintiff alleges that, after she made a payment on September 7, 2017, PNC performed a property inspection on the Property on or before October 23, 2017, and charged Borrowers a $15 fee for this inspection. Compl. ¶¶ 41, 43. Plaintiff alleges that she made a further payment on November 1, 2017, and PNC conducted a second property inspection on or before November 20, 2017, and charged Borrowers another $15 fee. *Id.* ¶¶ 46, 47. Plaintiff asserts that she made payments that were credited toward the two property inspection fees on November 30, 2017, and March 23, 2018. *Id.* ¶¶ 52, 53.

Plaintiff does not allege that the Borrowers brought their mortgage current during the time period when they were charged property inspection fees. *See generally* Compl. Nonetheless, Plaintiff alleges that PNC "knew or should have known that Plaintiff had not abandoned the property and was attempting to become current on the loan." *Id.* ¶ 42. Plaintiff also claims that the two property inspections PNC conducted during the several months Borrowers were in default were not "a necessary, reasonable, or appropriate means to protect Lender's interest in the Property[.]" *Id.* ¶ 48.

### III.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint that fails "to state a claim upon which relief can be granted." The Supreme Court has confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

To survive a Rule 12(b)(6) motion, a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). In other words, a complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. Under Rule 8(a)(2), a plaintiff is required to provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

When assessing whether the complaint satisfies this standard, courts must treat a complaint's allegations as true. *Iqbal*, 556 U.S. at 678. However, courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*; *see also* [Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)](noting that courts "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss") (citations and internal quotations omitted).

## IV.   ARGUMENT

As a threshold matter, the Court should dismiss the Complaint because Plaintiff has not pled compliance with the binding notice and cure provision of her Deed of Trust. Furthermore, the Court should dismiss each count because Plaintiff fails to state a claim under Rule 12(b)(6).

**A.   The Entire Complaint Must Be Dismissed Because Plaintiff Has Not Pled That She Satisfied the Deed of Trust's Notice and Cure Requirement.**

Paragraph 20 of Plaintiff's Deed of Trust is explicit:

> *Neither Borrower nor Lender may commence, join, or be joined to any judicial action* (as either an individual litigant or the member of a class) *that arises from the other party's actions pursuant to this Security Instrument* or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument*, until such Borrower or Lender has notified the other party* (with such notice given in compliance with the requirement of Section 15) of such alleged breach *and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action*.

*See* Ex. A, Deed of Trust ¶ 20 (emphasis added). This provision precludes Plaintiff's complaint because "all of Plaintiff's claims … arise out of and are entirely based on the property fees that

were charged pursuant to her mortgage contract, and [Plaintiff] failed to comply with the notice requirements of that contract." Michael v. CitiMortgage, Inc., No. 16-CV-07238, 2017 WL 1208487, at *4 (N.D. Ill. Apr. 3, 2017).

To begin, there can be no doubt that the four causes of action asserted by Plaintiff – breach of contract, Pennsylvania UTPCPL, North Carolina UDTPA, and unjust enrichment – arise from the terms of the Deed of Trust. Plaintiff repeatedly argues, with respect to each count, that the property inspection fees were not "necessary, reasonable, or appropriate." Compl. ¶ 72; *see also id.* ¶¶ 83, 103, 115. Those statements are a direct reference to the Deed of Trust's language that the lender may take "reasonable" and "appropriate" action to secure its interest when the borrower has defaulted. *See* Compl. ¶ 38 (quoting Deed of Trust ¶ 9).[3]

Moreover, Plaintiff's allegations mirror those made in *Michael v. CitiMortgage, Inc.*, which provides the framework for dismissal of this action. In that case, the plaintiff made claims of improper property inspections nearly identical to those raised by Plaintiff here, although in *Michael* the plaintiff complained of over sixty drive-by inspections over a period of five years, all while plaintiff and her family occupied the home. *Compare* 2017 WL 1208487, at *2 ("According to Plaintiff, Defendants unlawfully assessed service fees for unreasonable default-triggered inspections, which consisted of inspectors quickly driving past the property or up an adjoining driveway.") *with* Compl. ¶ 22 (alleging that "mere 'drive-by' inspections" which are "computer-generated" are "unnecessary, unreasonable … and serve no discernible purpose other than to generate revenue for PNC"). The Court concluded that "all of Plaintiff's claims," including

---

[3] Plaintiff has added the word "necessary," which is language that is not found in the Deed of Trust. Rather, the quoted paragraph of the Deed of Trust provides "the Lender may do and pay for whatever is reasonable or appropriate to protect the Lender's interest . . ." Ex. A, Deed of Trust ¶ 9.

5

violations of the Fair Debt Collection Practices Act, breach of contract, fraud, and violations of the Illinois Consumer Fraud and Deceptive Practices Act, "arise out of and are entirely based on the property [inspection] fees that were charged pursuant to her mortgage contract." 2017 WL 1208487, at *4. Where the plaintiff failed to comply with that contract's notice and cure provision – which contained identical language to the notice and cure provision in Plaintiff's Deed of Trust – the Court found that all of the plaintiff's claims must be dismissed. *Id.* at *3-4.

*Hill v. Nationstar Mortgage LLC* is also directly on point. The United States District Court for the Southern District of Florida dismissed a complaint centered on allegations that a mortgage servicer was "charging too much for each [property] inspection . . . inspecting too frequently, and . . . inspecting without reason to do so" because "regardless of the cause of actions alleged, the Homeowners' claims are entirely based on their mortgage contracts." No. 15-60106-CIV, 2015 WL 4478061, at *3 (S.D. Fla. July 2, 2015). Indeed, the Court found that all of plaintiff's property inspection claims were based on precisely the same paragraph of the deed of trust as Plaintiff's claims here. *See id.* (recognizing that "all [of the allegations were] based upon their contentions that Defendants violated Paragraph 9 of the mortgage contracts, which grant Defendants the right to 'do and pay for whatever is reasonable or appropriate to protect the Lender's interests in the Property'"). And again, because the plaintiff had not complied with the mortgage's notice and cure provision, which was identical to the notice and cure provision in Plaintiff's Deed of Trust, the Court dismissed the plaintiff's claims. *Id.* at *2-3.

Additional courts across the country have dismissed cases against mortgage lenders and servicers relating to property inspection fees where borrowers failed to plead compliance with their mortgages' notice and cure provision. *See Charles v. Deutsche Bank Nat'l Trust Co. et al.*, No. 1:15–cv–21826–KMM, 2016 WL 950968, at *2 (S.D. Fla. Mar. 14, 2016) (dismissing federal and

6

state claims because the plaintiff failed to allege compliance with identical notice and cure provision); *Sotomayor v. Deutsche Bank Nat'l Trust Co. et al.*, No. 0:15–cv–61972, 2016 WL 316307, 4 at *2-3 (S.D. Fla. Feb. 5, 2016) (dismissing federal causes of action where the plaintiff failed to plead that she had notified the defendant before bringing suit); *Giotta v. Ocwen Loan Servicing*, 706 F. App'x 421 (9th Cir. 2017), *affirming* No. 15-cv-00620-BLF, 2016 WL 4447150 (N.D. Cal. Aug. 24, 2016) (affirming dismissal of Fair Debt Collection Practices Act claims because the plaintiff failed to allege compliance with notice and cure provision of deed of trust); *see also Michael,* 2017 WL 1208487, at *1 (collecting cases).

This conclusion is not limited to property inspection cases. Courts have relied on the identical notice and cure provision in Freddie Mac and Fannie Mae mortgages (like Plaintiff's Deed of Trust) to dismiss borrowers' claims in a variety of contexts. *See, e.g.*, *Allen v. JPMorgan Chase Bank*, No. 3:15-cv-819-KS-MTP, 2016 WL 1029334, at *2 (S.D. Miss. Mar. 14, 2016) (granting judgment on the pleadings in suit alleging errors in servicing mortgage because complaint did not plead compliance with the notice and cure provision of deed of trust); *Higley v. Flagstar Bank, FSB*, 910 F. Supp. 2d 1249, 1254 (D. Or. 2012) (dismissing claim challenging mortgage assignments because complaint did not plead compliance with the notice and cure provision of deed of trust); *Johnson v. Countrywide Home Loans*, No. 1:10cv1018, 2010 WL 5138392, at *2 (E.D. Va. Dec. 10, 2010) (dismissing claims alleging wrongful foreclosure because complaint did not plead compliance with the notice and cure provision of deed of trust); *Sandoval v. Wolfe*, No. 16-61856-CIV, 2017 WL 244111, at *2-4 (S.D. Fla. Jan. 19, 2017), *amended sub nom. Sandoval v. Ronald R. Wolfe Assocs., P.L.*, No. 16-61856-CIV, 2017 WL 3724584 (S.D. Fla. Mar. 10, 2017) (dismissing claims for fees charged in foreclosure proceeding because complaint did not plead compliance with notice and cure provision of deed of trust). Nor are these types of

provisions solely enforced against borrowers; lenders must also comply with these notice and cure provisions. *See, e.g., Contreras v. Nationstar LLC,* No. 216-CV-00302-MCE-EFB, 2017 WL 3438769, at *3 (E.D. Cal. Aug. 10, 2017) ("Section 20's 'notice-and-cure' provision obligates *both* the lender and the borrower to notify the other party before commencing legal action and to allow that party a reasonable amount of time in which to correct the alleged deficiency.") (emphasis added).

Those holdings are unsurprising given the basic principle that the "party who has materially breached a contract may not insist upon performance of the contract by the non-breaching party." *Am. Diabetes Ass'n v. Friskney Family Tr., LLC*, 177 F. Supp. 3d 855, 867 (E.D. Pa. 2016) (citing *Seneca Res. Corp. v. S & T Bank,* 122 A.3d 374, 379–80 (Pa. Super. 2015)). That is, Plaintiff's failure to comply with the notice and cure provision was a material breach of her Deed of Trust. *See Giotta,* 2016 WL 4447150, at *4, *aff'd,* 706 F. App'x 421 ("Under the plain language of the Deed of Trust . . . Plaintiff[] w[as] required to comply with the notice-and-cure provision before filing suit."). Plaintiff thus has failed to comply with a "condition precedent" to bringing litigation under the Deed of Trust. *Sandoval*, 2017 WL 244111, at *2. That failure is fatal to all of Plaintiff's claims, and the Court must dismiss the Complaint in its entirety.

**B.     The Complaint Fails to State a Claim upon which Relief Can Be Granted.**

The Court should dismiss the Complaint for the additional reason that Plaintiff fails to state a claim upon which relief can be granted under Rule 12(b)(6). All of Plaintiff's claims are based on the faulty theory that PNC somehow engaged in wrongful conduct by charging property inspection fees that expressly were permitted by the Deed of Trust. *See* Ex. A, Deed of Trust ¶ 14. As the Eastern District of Pennsylvania has observed, "[t]here is nothing false or misleading" about property inspections where "Plaintiff's mortgage specifically allows for property inspections."

8

*Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 354 (E.D. Pa. 2013). The Court accordingly must dismiss each of Plaintiff's claims.

> 1. **Plaintiff's Breach of Contract Claim Fails Because the Deed of Trust Expressly Permitted PNC's Conduct.**

Plaintiff alleges that PNC breached the Deed of Trust by charging property inspection fees that were not "necessary, reasonable, or appropriate." Compl. ¶ 72. Plaintiff also claims that by using an automated system to order property inspections, PNC breached the duty of good faith and fair dealing implicit in all contracts. *Id.* ¶ 74. To make out her breach of contract claim, Plaintiff relies exclusively on paragraph 9 of the Deed of Trust, which generally provides that PNC may take "reasonable" and "appropriate" action to secure its interest when the borrower has defaulted, and that "amounts disbursed by [PNC] under this Section 9 shall become additional debt of Borrower." *See* Ex. A, Deed of Trust ¶ 9; Compl. ¶¶ 72, 83, 103, 115. While this paragraph is silent on inspections and provides a general authority to assess fees, paragraph 14 of the Deed of Trust, which Plaintiff ignores, expressly authorizes PNC to conduct property inspections when the borrower has defaulted on a loan, and to charge a fee for such inspections: "Lender may charge borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." Ex. A, Deed of Trust ¶ 14.

Paragraph 14's specific authorization of property inspections and fees for such inspections controls over the more general paragraph 9. *See Great Am. Ins. Co. v. Norwin Sch. Dist.*, 544 F.3d 229, 247 (3d Cir. 2008) ("[S]pecific provisions ordinarily control more general provisions."); *Levine v. Employers Insurance Company of Wausau*, No. 17-1342, 2018 WL 1748056, at *4 (4th Cir. Apr. 12, 2018) (when "one provision specifically addresses the dispute at hand while the other

9

remains general, we have consistently held that the specific provision will govern over the general.").[4] Thus, when examining a similar property inspection case involving the same mortgage language, the Central District of California held that paragraphs 9 and 14, read together, "do not mandate a reasonableness determination" because inspection fees are *per se* reasonable under the Deed of Trust. *Vega v. Ocwen Fin. Corp.*, No. 2:14-CV-04408-ODW, 2015 WL 1383241, at *4 (C.D. Cal. Mar. 24, 2015) ("The mortgage would not list property inspection fees as an authorized charge if property inspections were not reasonable or appropriate acts under the agreement."); *see also Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 657 (E.D.N.Y. 2012) (enforcing paragraph 14 in holding that plaintiff "has no plausible claim that the inspection fees charged by the Defendant were in violation of any express terms of his actual mortgage contract").

Even if paragraph 9 governed, courts repeatedly have held that there is nothing unreasonable about charging delinquent borrowers for monthly property inspections. For instance, in *Walker v. Countrywide Home Loans*, 121 Cal. Rptr. 2d 79, 84 (Ct. App. 2002), the court addressed Countrywide's use of a computer program that "order[ed] follow-up inspections each month if the default is not cured." The court held "as a matter of law" that "[t]he cost of Countrywide's property inspection, even of multiple inspections, is insignificant when compared with their utility." *Id.* at 91. "The status and ability of a borrower unable to make monthly loan payments is uncertain and conceivably could change from month to month. Such a borrower might be unable to maintain the property and is less likely to occupy the property than a borrower current on a loan." *Id.* at 92. Plaintiff's allegation that the two property inspections PNC conducted on

---

[4] Because Plaintiff's state law claims (for breach of contract and unjust enrichment) fail under both North Carolina and Pennsylvania law, PNC does not undertake a choice of law analysis but rather cites the substantially similar law of both jurisdictions.

the Property—amounting to only $30 in fees on her half-million dollar mortgage—were unreasonable or inappropriate therefore cannot sustain her claim.[5]

Furthermore, because Plaintiff has failed to state a claim for breach of contract, Plaintiff cannot state a claim for a breach of the implied covenant of good faith and fair dealing. *See Suntrust Bank v. Bryant/Sutphin Properties*, LLC, 732 S.E.2d 594, 603 (N.C. App. 2012); *Benchmark Grp., Inc. v. Penn Tank Lines, Inc.*, 612 F. Supp. 2d 562, 583 (E.D. Pa. 2009). As a result, Plaintiff's breach of contract claim must fail.

> 2. **Plaintiff's Pennsylvania UTPCPL Claim Fails Because It Is Barred by the Deed of Trust's Choice of Law Provision and the Economic Loss Doctrine, and It Is Inadequately Pled.**

The Complaint fails to state a claim under Pennsylvania's consumer protection statute. As a threshold matter, Plaintiff admits that she resides in North Carolina and that the Property is located in North Carolina. Compl. ¶¶ 12, 31. The Deed of Trust provides that it "shall be governed by federal law and the law of the jurisdiction where the property in located," *i.e.* by North Carolina law. Ex. A, Deed of Trust ¶ 16. Plaintiff instead purports to rely upon Pennsylvania law because she baldly alleges that PNC's "policies and procedures pertaining to mortgage servicing are set in Pennsylvania." Compl. ¶ 82. Although the "text of the UTPCPL does not preclude its application" to non-Pennsylvania residents, the statute is not unlimited in its reach. *See Danganan v. Guardian Prot. Servs.*, 179 A.3d 9, 17 (Pa. 2018) (recognizing that jurisdictional principles and choice-of-

---

[5] In addition to alleging that the property inspections were unreasonable under paragraph 9 of the Deed of Trust, Plaintiff's Complaint asserts dozens of times that the inspections were "unnecessary." *See generally* Compl. But "reasonableness" and "necessity" standards "are not interchangeable." *Stitt v. Citibank, Nat'l Ass'n*, No. 12-cv-03892, 2015 WL 9177662, at *5 (N.D. Cal. Dec. 17, 2015), *appeal docketed*, No. 16-17008 (9th Cir. Nov. 1, 2016). And nothing in Plaintiff's Deed of Trust imposes a "necessity" requirement for inspection fees. *See* Ex. A, Deed of Trust. "There is no legal principle that allows the Court to pull demanding standards out of thin air and add them to a written contract between two parties." *Vega*, 2015 WL 1383241, at *4.

law rules may restrain the UTPCPL's reach). Where the only link to Pennsylvania is a vague and unsupported allegation regarding the defendant's policies and practices, where the Plaintiff concedes that she resides North Carolina and that the Property is located in North Carolina, the Court should decline to find that the Pennsylvania UTPCPL is applicable and should instead apply the governing law selected in the Deed of Trust. *See, e.g.*, *Lipman Bros., Inc. v. Apprise Software, Inc.*, No. 13-4439, 2015 WL 4476983, at *8 (E.D. Pa. July 22, 2015) (declining to apply Tennessee consumer protection statute where contract selected Pennsylvania as governing law); *see also Cottman Transmission Systems, LLC v. Kershner*, 492 F. Supp. 2d 461 (E.D. Pa. 2007) (gathering cases declining to apply out-of-state consumer protection statute where contract provided governing law).

Even if the Pennsylvania UTPCPL were applicable, Plaintiff has failed to state a claim. The UTPCPL "prohibits 'unfair methods of competition' and 'unfair or deceptive acts or practices' in the conduct of trade or commerce. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008), *as amended* (Nov. 6, 2008) (quoting 73 Pa. Stat. § 201–3). Plaintiff is relying on the UTPCPL's "catch-all" provision, Compl. ¶ 85, which bars "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. § 201-2 (xxi). However, Plaintiff makes only conclusory allegations that PNC engaged in fraudulent or deceptive conduct by not properly disclosing the property inspection fees. *See* Compl. ¶¶ 87, 89 (alleging that PNC "knowingly misrepresent[ed] and intentionally omitt[ed] material information regarding the nature of the fees" and "acted deceptively by presenting borrowers with mortgage agreements that misleadingly and deceptively indicate that borrowers will not be charged for unnecessary, unreasonable, and inappropriate services"). That is insufficient as a matter of law. *See Beaumont v. Fay Servicing*, No. 16CV0378, 2016 WL 4191729, at *3 n.2 (W.D. Pa. Aug. 9, 2016)

(dismissing UTPCPL claim when plaintiff "merely allege[d] boilerplate allegations that Defendant committed 'deceptive acts'").

Moreover, Plaintiff's UTPCPL claim fails because it is a breach of contract claim masquerading as a consumer tort action, and thus is barred under the economic loss doctrine. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (citation omitted). This doctrine applies to the UTPCPL claims where they "depend upon … allegations of fact that are identical" to breach of contract claims. *Id.* at 681 (citation omitted); *see also Ridolfi v. State Farm Mut. Auto. Ins. Co.*, 146 F. Supp. 3d 619, 626 (M.D. Pa. 2015) (holding that District Courts are bound by the Third Circuit's prediction that the Pennsylvania Supreme Court would recognize that the economic loss doctrine bars UTPCPL claims). This is a textbook case of the economic loss doctrine, because Plaintiff's UTPCPL claim arises only from the Deed of Trust and is predicated on allegations identical to her breach of contract claim. *See, e.g.,* Compl. ¶ 89 (asserting UTPCPL claim based on the Deed of Trust). Because the UTPCPL claim is "inextricably tied in with the mortgage contract between the parties," the claim must be dismissed. *Sarsfield v. Citimortgage, Inc.*, 707 F. Supp. 2d 546, 559 (M.D. Pa. 2010) (dismissing UTPCPL claim and denying leave to amend).

      **3.**    **Plaintiff's North Carolina UDTPA Claim Fails Because Plaintiff's Allegations Do Not Meet the UDTPA Standard.**

Plaintiff's claim under the North Carolina UDTPA fares no better. "In order to state a UDTPA claim, a plaintiff must plausibly allege '(1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby.'" *Martinez v. Nat'l Union Fire Ins. Co.*, 911 F. Supp. 2d 331, 339 (E.D.N.C. 2012) (quoting *Griffith v. Glen Wood Co.*, 184 N.C.App. 206, 217 (2007)). Plaintiff has not met her burden.

As with the Pennsylvania UTPCPL claim, Plaintiff makes only conclusory allegations that PNC "misrepresented" information to consumers and "acted deceptively" with respect to PNC's right to conduct property inspections as disclosed in the mortgage. *See* Compl. ¶¶ 103, 105. Generalized assertions of unfair or deceptive conduct are insufficient. North Carolina courts have repeatedly found that to state a claim under the UDTPA, the plaintiff must allege conduct that is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Martinez*, 911 F. Supp. 2d at 339 (citation omitted). The allegations here, of two property inspections authorized by the mortgage and amounting to only $30 in fees, do not rise to that level and therefore should be dismissed. *See Ellis v. Louisiana-Pac. Corp.*, 699 F.3d 778, 787 (4th Cir. 2012) (affirming dismissal of improperly pled UDTPA claims under Rule 12(b)(6)).

To be sure, North Carolina courts also have "repeatedly held that a mere breach of contract, even if intentional, does not rise to an unfair or deceptive trade practice." *Kelly v. Georgia-Pac. LLC*, 671 F. Supp. 2d 785, 798-99 (E.D.N.C. 2009) (collecting cases) (citation omitted). But that is precisely what Plaintiff's complaint is: an allegation that PNC did not comply with the terms of the Deed of Trust by charging fees that were not "not necessary, reasonable, or appropriate." Compl. ¶ 108. This Court must obey the command of the North Carolina Court of Appeals "to guard against permitting a litigant to transform a breach of contract claim into a UDTPA claim" and dismiss the claim. *Martinez*, 911 F. Supp. 2d at 339 (citing *Birtha v. Stonemor*, N.C. LLC, 727 S.E.2d 1, 10 (N.C. Ct. App. 2012)).

### 4. Plaintiff's Unjust Enrichment Claim Fails Because the Parties' Relationship Is Governed by the Deed of Trust.

Plaintiff cannot state a claim for unjust enrichment because she concedes that a written contract governs the relationship between Plaintiff and PNC. Under both Pennsylvania and North Carolina law, "the doctrine of unjust enrichment is inapplicable where the relationship between

14

the parties is founded upon a written agreement or express contract." *Germain v. Wisniewski*, No. 15-1279, 2016 WL 4158994, at *6 (W.D. Pa. Aug. 5, 2016) (citing *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006)); *see also Synergy Fin., L.L.C. v. Zarro*, 329 F. Supp. 2d 701, 708 (W.D.N.C. 2004) ("Unjust enrichment 'is described as a claim in quasi contract or a contract implied in law.' If there is a contract between the parties, the contract governs the claim and the law will not imply a contract.") (quoting *Norman Owen Trucking v. Morkoski*, 506 S.E.2d 267, 273 (N.C. App. 1998)). And while Plaintiff is entitled to plead in the alternative, the Complaint is devoid of any allegation that the contract between Plaintiff and PNC is unenforceable, or somehow in question. *Germain*, 2016 WL 4158994, at *6 (recognizing that a plaintiff may "plead alternative theories of recovery based on breach of contract and unjust enrichment in cases where there is a question as to the validity of the contract in question") (citation omitted). Absent such allegations, there is no reason for the unjust enrichment claim to proceed. Accordingly, the unjust enrichment claim must be dismissed.

## V. CONCLUSION

In sum, Defendant PNC Bank, National Association, hereby requests that the Court dismiss Plaintiff's Complaint in its entirety for the many compelling reasons stated above.

Dated: April 27, 2018

Respectfully submitted,

By: /s/ Nellie E. Hestin
Jarrod D. Shaw (PA 93459)
Nellie E. Hestin (PA 311788)
MCGUIREWOODS LLP
Tower Two-Sixty
260 Forbes Avenue, Suite 1800
Pittsburgh, PA 15222
Telephone: 412-667-6000
Facsimile: 412-667-6050

*Counsel for Defendant*
*PNC Bank, National Association*

## **CERTIFICATE OF SERVICE**

  I, Nellie E. Hestin, hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this April 27, 2018.

                 */s/ Nellie E. Hestin*
                 Nellie E. Hestin