IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUELINE PFENDLER *on behalf of herself and all others similarly situated*,

Plaintiff,

v.

PNC BANK, NATIONAL ASSOCIATION,

Defendant.

18cv0361

ELECTRONICALLY FILED

**MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jacqueline Pfendler, seeks to represent a class of individuals who were assessed property inspection fees by Defendant, PNC Bank, National Association, ("PNC"), alleging that PNC uses an automated mortgage loan management system which orders unnecessary, unreasonable, and inappropriate property inspections whenever a borrower falls sufficiently behind on mortgage payments, and continues to order the inspections at regular intervals until the borrower becomes current. Plaintiff alleges that this practice is a breach of contract, violates the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.*, ("PUTPCPL"), violates the North Carolina Unfair and Deceptive Trace Practice Act, N.C. Gen. Stat. Ann. § 75-1.1, *et seq.*, and results in unjust enrichment to PNC. Complaint, Doc. No. 1.

Defendant filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 17. The Court has reviewed the Complaint, doc. no. 1; Defendant's Motion, doc. no. 17; Memorandum in Support, doc. no. 18; Plaintiff's Memorandum in Opposition, doc. no. 25; and Defendant's Reply brief, doc. no. 28. For the reasons that follow, the Court will GRANT Defendant's Motion to Dismiss all claims and mark this case CLOSED.

I. **Legal Standards**

Under Federal Rule of Civil Procedure 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A claim is plausible when the plaintiff alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555. The United States Court of Appeals for the Third Circuit instructs that a District Court must undertake three steps to determine whether a complaint sets forth a plausible claim for relief:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires the Court to consider the nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

When reviewing a motion to dismiss for failure to state a claim, the Court must view all of the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

The Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. A motion to dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. Summary of the Complaint

Plaintiff alleges that PNC uses an automated mortgage loan management system to engage in a deceptive and unfair scheme to collect fees for unnecessary, unreasonable, and inappropriate property inspections, to maximize fees assessed on borrowers' accounts when they are in default of their mortgage agreements. Doc. No. 1. Plaintiff alleges that PNC, by using the automated system, automatically orders property inspections for every mortgage loan account that is in default for a specified period of time, and continues to automatically order inspections, so long as the borrower remains in default.

Specifically, on December 9, 2011, Plaintiff purchased a home in Littleton, North Carolina, and executed a deed of trust ("Deed of Trust") mortgaging the property. The Deed of Trust provides that, in the event of a default by Plaintiff, "Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property." Doc. No. 1, ¶ 38, quoting Deed of Trust, Doc. No. 18-1, ¶ 9.

The Deed of Trust specifies that the Lender may "charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under [the] Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." Deed of Trust, Doc. No. 18-1, ¶ 14.

Plaintiff fell behind on her mortgage payments in 2017. She missed a payment in August 2017, but made a payment on September 7, 2017. Doc. No. 1, ¶ 41. On September 17, 2017, Plaintiff submitted a hardship request to PNC. *Id.* at ¶ 51. Plaintiff remained in default and PNC ordered a property inspection on or around October 23, 2017, for which Plaintiff was assessed a $15 fee. *Id.* at ¶ 43. Plaintiff made another payment on November 1, 2017. *Id.* at ¶

4

46. However, Plaintiff remained in default and PNC ordered another property inspection on or around November 20, 2017, for which Plaintiff was assessed another $15 fee. *Id.* at ¶ 47. PNC had incorrectly indicated that Plaintiff had filed for Bankruptcy on a statement dated November 1, 2017. *Id.* at ¶ 50.

Plaintiff alleges that the property inspections were inappropriate, unreasonable, and unnecessary, because Plaintiff's actions, in making payments in an attempt to become current on her mortgage obligations, submitting a hardship assistance request, and being in communication with PNC, were indications to PNC that she had an intent to become current on the loan and did not intend to abandon the property. Doc. No. 1. She alleges that the property inspections "in no way helped to 'protect [PNC's] interest in the Property and rights under [the] Security Agreement.'" *Id.* at ¶ 44 *quoting* Deed of Trust, Doc. No. 18-1, ¶ 9.

Plaintiff alleges that "the only necessary, reasonable, or appropriate purpose of drive-by inspections is to determine whether a home is occupied[;]" however, Plaintiff also acknowledges that a drive by inspection may be used to assess whether the property is being maintained or has been damaged. Doc. No. 1, ¶¶ 3 and 22. Plaintiff asserts that PNC orders the property inspections to generate profits in the form of "float income"[1] and in the form of increased accrued interest for money that otherwise would be applied to the loan principal and accrued interest due. *Id.* at ¶¶ 24 and 25.

---

[1] Plaintiff alleges that PNC immediately assesses the fees, and then profits from the "float" created by collecting the fees before paying vendors. Doc. No. 1 at ¶ 24.

### III. Discussion

*A. Plaintiff's Breach of Contract Claim is Barred*

Plaintiff has set forth sufficient allegations to state a plausible claim for breach of contract - - specifically, she alleges that the property inspections performed by PNC were not "reasonable or appropriate to protect [PNC's] interest in the Property and rights under [the Deed of Trust]." Deed of Trust, [Doc. No. 18-1](), ¶ 9. Under the specific circumstances set forth by Plaintiff, it is plausible that the two property inspections may have been unreasonable under the terms of the Deed of Trust. However, Plaintiff admits that she has failed to comply with the binding notice and cure provision within the Deed of Trust, which provides:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has preached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirement of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

Deed of Trust, [Doc. No. 18-1](), ¶ 20.

Defendant cites multiple cases in which courts have dismissed similar claims against mortgage lenders for the plaintiffs' failure to comply with the notice and cure provision of a mortgage agreement. See *[Michael v. CitiMortgage, Inc.](), No. 16-cv-07238, 2017 WL 1208487 (N.D. Ill. Apr. 3, 2017)*; *[Hill v. Nationstar Mortgage LLC](), No. 15-60106-CIV, 2015 WL 4478061 (S.D. Fla. July 2, 2015)*; *[Charles v. Deutsche Bank Nat'l Trust Co. et al.](), No. 1:15-cv-21826, 2016 WL 950968 (S.D. Fla. Mar. 14, 2016)*; *Sotomayor v. Deutsch Bank Nat'l Trust Co. et al.*, No. 0:15-cv-61972, [2016 WL 316307 (S.D. Fla. Feb. 5, 2016)](); *Giotta v. Ocwen Loan

6

*Servicing*, 706 F. App'x 421 (9th Cir. 2017), *affirming* No. 15-cv-00620, 2016 WL 4447150 (N.D. Cal. Aug. 24, 2016).

Plaintiff asserts that a prior lawsuit filed against PNC purporting to set forth claims on behalf of an individual plaintiff and on behalf of all those similarly situated, *Marsh v. PNC Bank, N.A.,* 2:17-cv-1411-DSC (W.D. Pa.), provided PNC with sufficient notice and opportunity to cure any violations of the terms of the Deed of Trust for <u>all</u> of the potential members of the purported class action. Doc. No. 25. Further, Plaintiff argues that because PNC has taken no action in response to that lawsuit related to Plaintiff's claims, notice to PNC would be futile and therefore should not bar this lawsuit. *Id.*

The Court finds that Plaintiff's arguments are unavailing. Allowing Plaintiff here to rely upon another individual's lawsuit against PNC to satisfy the notice and cure provision of the contract would defeat the sound principle underpinning such contract provisions - - which is to prevent the needless entry into litigation for contract breaches that may easily and inexpensively be resolved between the parties. As PNC argues, it is incomprehensible to allow judicial action to serve as the notice required by a contractual provision meant to precede (and prevent) judicial action.

Further, the Court finds no merit to Plaintiff's claim that complying with the notice and cure provision would be futile. The Court notes that the *Marsh* case, which was cited by Plaintiff as allegedly satisfying her obligation to provide notice and an opportunity to cure any breaches to PNC, was voluntarily withdrawn by the plaintiff in that case because that plaintiff's property inspection fees were ultimately waived by PNC. Doc. No. 28, FN 1. This is also consistent with the factual history of the *Michael v. CitiMortgage* case, in which the plaintiff belatedly attempted to provide notice to CitiMortgage so that she could amend her complaint and

7

avoid dismissal, but, as a result of sending notice, found that CitiMortgage had waived or charged-off all of the challenged property inspection fees that were the subject of her complaint. 1:16-cv-7238 (N.D. Ill.), Doc. No. 62. Simply stated, notice and cure provisions help parties avoid needless litigation.[2]

### B. Plaintiff Fails to State a Claim Under the PA UTPCPL or N.C. UDTPA

The Pennsylvania Unfair Trade Practice and Consumer Protection Law prohibits "unfair or deceptive acts or practices" and "fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. § 201. North Carolina's Unfair and Deceptive Trade Practices Act prohibits "unfair or deceptive acts or practices in or affecting commerce." N.C. Gen. Stat. Ann. § 75-1.1. The standards under each law require similar conduct, but are not identical. However, the Court finds that Plaintiffs cannot state a claim under either law because PNC has not engaged in any unfair or deceptive act by assessing fees for property inspections to borrowers in default of their mortgage obligations where such fees are specifically disclosed in the mortgage agreements. The allegations within Plaintiff's Complaint supporting these claims rest upon boilerplate language and conclusory statements.

### C. Plaintiff Cannot State a Claim for Unjust Enrichment

Plaintiff's claim for unjust enrichment fails as a matter of law because "the doctrine of unjust enrichment is inapplicable where the relationship between the parties is founded upon a written agreement or express contract." *Germain v. Wisniewski*, 2016 WL 4158994 at *6 (W.D. Pa. Aug. 5, 2016) (*citing Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006)).

---

[2] Although the issue of class certification is not before the Court, the Court finds that a determination of the reasonableness of any particular fee assessed for a property inspection to a borrower in default would require a case-by-case analysis. Plaintiff's theory rests upon the method by which PNC orders property inspections - - an automated system - - and an allegation that the inspections are ordered for no other purpose but to increase profits to PNC. However, the use of an automated system to schedule a property inspection does not render each property inspection ordered "unreasonable" or "unnecessary."

## IV. Conclusion

For the reasons set forth, Defendant's Motion to Dismiss will be GRANTED. Plaintiff's Complaint will be DISMISSED. An appropriate Order shall follow. The Clerk shall mark this case CLOSED.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge
